IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BUSINESS AIRCRAFT LEASING, INC., | ) ) | |
| Plaintiff, | ) | |
| v. | ) ) | |
| BRIAN CARN MINISTRIES, INC.; | ) | CIVIL ACTION NO. |
| MIRACLE ARENA FOR ALL NATIONS; | ) | 3:16-cv-01577 |
| BRIAN CARN; MARTIN KOFI DANSO; | ) | |
| RONALD E. MAYS; CITY JET, INC. | ) | |
| MICHAEL CARASTRO; and | ) | |
| APOLLO FLIGHT TRAINING & | ) | |
| AIRCRAFT MANAGEMENT, LLC | ) | |
| d/b/a APOLLO AVIATION, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>BRIAN CARN MINISTRIES' MOTION TO DISMISS AMENDED
COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS, IMPROPER
VENUE, AND LACK OF PERSONAL JURISDICTION</u>**

Brian Carn Ministries, Inc. ("Defendant" or "Brian Carn Ministries"), by and

through the undersigned counsel of record, and by way of special appearance,

hereby files this Motion to Dismiss Amended Complaint for Insufficient Service of

Process, Improper Venue, and Lack of Personal Jurisdiction, pursuant to Fed. R.

Civ. P. 12(b)(5),(b)(3) and (b)(2), respectively.

For the reasons set forth in the Memorandum in Support, pursuant to Fed. R.

Civ. P. 12(b)(5), Defendant Brian Carn Ministries shows that it was never properly

served with the summons and Complaint in this action.  Rather, as reflected on the

1

Affidavit of Service, Plaintiff served Defendant Brian Carn's mother, Andrea Carn, with whom he does not reside, and who is not associated with or affiliated with Brian Carn Ministries. Service of Defendant Brian Carn's mother is insufficient under Fed. R. Civ. P. 4(e), as well as Fla. Stat. § 48.031 (2016) and Tennessee Rule of Civil Procedure 4.04 to effect service upon Brian Carn Ministries.

Defendant Brian Carn Ministries further shows this Court that venue is improper in the Middle District of Tennessee under 28 U.S.C. § 1391 (b)(1), (2) and (3), because none of the Defendants resides in the Middle District of Tennessee, because the "substantial part of the events or omissions giving rise to the claim occurred [and the] substantial part of property that is the subject of the action is situated" outside of the State of Tennessee, and because there are other districts outside of Tennessee where venue would be proper.

Finally, the exercise of personal jurisdiction over Defendant Brian Carn Ministries in this case is not supported by the allegations of Plaintiff's Complaint and would violate the Fourteenth Amendment of the Constitution of the United States. Accordingly, this Defendant requests that Plaintiff's Amended Complaint be dismissed for lack of personal jurisdiction.

2

Respectfully submitted this 20th day of September, 2016.

/s/*Raanon Gal*
Raanon Gal
Tennessee Bar No. 023634
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
(770) 434-7214 (tel)
(770) 434-7376 (fax)
rgal@taylorenglish.com
*Attorney for Defendant Brian Carn*
*Ministries*

3

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2016, a copy of the foregoing was

served upon Plaintiff and counsel for other parties by filing a copy pursuant to this

Court's ECF filing system as follows:

>**Brian H. Meldrum, Esq.**
>Stites & Harbison, PLLC (Louisville Office)
>1800 Capital Holding Center
>400 W. Market Street
>Louisville, KY 40202-3352
>
>**Lauren Paxton Roberts, Esq.**
>Stites & Harbison, PLLC (Nashville Office)
>401 Commerce Street, Suite 800
>Nashville, TN 37219
>
>**Madison L Mitchell, Esq.**
>Burr & Forman
>511 Union Street, Suite 2300
>Nashville, TN 37219

This 20th day of September, 2016.

>/s/*Raanon Gal*
>Raanon Gal
>Tennessee Bar No. 023634
>**TAYLOR ENGLISH DUMA LLP**
>1600 Parkwood Circle, Suite 400
>Atlanta, GA 30339
>(770) 434-7214 (tel)
>(770) 434-7376 (fax)
>rgal@taylorenglish.com
>Attorney for Defendant Brian Carn
>Ministries, Inc.

4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| BUSINESS AIRCRAFT LEASING, INC., | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| BRIAN CARN MINISTRIES, INC.; | ) | CIVIL ACTION NO. |
| MIRACLE ARENA FOR ALL NATIONS; | ) | 3:16-cv-01577 |
| BRIAN CARN; MARTIN KOFI DANSO; | ) | |
| RONALD E. MAYS; CITY JET, INC. | ) | |
| MICHAEL CARASTRO; and | ) | |
| APOLLO FLIGHT TRAINING & | ) | |
| AIRCRAFT MANAGEMENT, LLC | ) | |
| d/b/a APOLLO AVIATION, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OF DEFENDANT BRIAN CARN MINISTRIES, INC. IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT FOR INSUFFICIENT SERVICE OF PROCESS, IMPROPER VENUE AND LACK OF PERSONAL JURISDICTION

Brian Carn Ministries, Inc. ("Defendant" or "Brian Carn Ministries"), by and through the undersigned counsel of record, hereby files this Memorandum in Support of his Motion to Dismiss Amended Complaint for Insufficient Service of Process, Improper Venue and Lack of Personal Jurisdiction, and shows this Court as follows.

1

# INTRODUCTION

Defendant Brian Carn Ministries shows that the Return of Service filed in this Court demonstrates on its face that service of process on Brian Carn's mother is insufficient as a matter of law. There is no allegation or evidence that Mr. Carn resides at that location or that it is his "usual place of abode" or that Brian Carn's mother was affiliated in any way with Brian Carn Ministries or authorized to accept service on behalf of Brian Carn Ministries. In the absence of such allegations or evidence, there has not been sufficient service of process under federal law or either Florida or Tennessee law.

Defendant Brian Carn Ministries further shows that venue is not proper as to Plaintiff's claims in this case against him. In this case, none of the Defendants resides in the Middle District of Tennessee, making venue improper under 28 U.S.C. § 1391(b)(1). Additionally, the "substantial part of the events or omissions giving rise to the claim occurred [and the] substantial part of property that is the subject of the action is situated" outside of the State of Tennessee, making venue under 28 U.S.C. § 1391(b)(2) improper. Lastly, because venue would be proper in other districts, such as the Middle District of Florida, where both Brian Carn and Brian Carn Ministries are located and subject to personal jurisdiction, venue under the

fallback provision of 28 U.S.C. § 1391(b)(3) would not be proper in the Middle District of Tennessee.

Finally, the exercise of personal jurisdiction over Defendant Brian Carn Ministries is improper under both Tennessee law and due process under the Fourteenth Amendment of the U.S. Constitution. Plaintiff falsely alleges in the both the original and Amended Complaint that Defendant Brian Carn Ministries was subject to personal jurisdiction on the grounds that, among other things, Brian Carn Ministries was a party under a lease agreement containing a consent to personal jurisdiction and venue.[1]  However, as set forth below, the lease agreement is void because it was the product of fraudulent inducement, and thus any consent to jurisdiction or venue thereunder would also be void.

## FACTS

Brian Carn Ministries is alleged by Plaintiff to be a Florida not-for-profit corporation (Amended Complaint, ¶ 2). Plaintiff's Affidavit of Service upon Brian Carn Ministries reflects service upon "Andrea Carn as Mother of Brian Carn at the residential address which is the only address found for the corporation and/or the

---

[1] Plaintiff also alleges various largely unspecified "contacts" with the forum state–all of which are insufficient as a matter of law.

3

officer for the corporation." (*See* Dkt. 32). The address shown on the Affidavit of Service is 8378 Hedgewood Dr., Jacksonville, Florida 32216. *Id.*

Brian Carn currently resides in St. Johns, Florida, where he has resided for more than a year. (See Declaration of Brian Carn, filed herewith (hereinafter, "Carn Declaration," ¶¶ 1-2). Brian Carn does not reside with Andrea Carn at the Hedgewood Drive address. (Carn Declaration, ¶ 3). Andrea Carn is not authorized to accept service on behalf of Brian Carn or Brian Carn Ministries. *Id.*

Plaintiff's original Complaint and Amended Complaint allege jurisdiction principally upon the Lease Agreement under the notion that Carn consented to the exercise of jurisdiction in Tennessee under each of these instruments. (*See* Amended Complaint, 14). Plaintiff's Amended Complaint also alleges personal jurisdiction on other grounds, stating that "Defendants [including Brian Carn Ministries] purposefully availed themselves of doing business with BALI, a Tennessee corporation, and knowingly and intentionally caused harm to BALI through their breach of contract and other wrongs as described below." (Amended Complaint, ¶ 14). There is no basis for the exercise of personal jurisdiction over Brian Carn Ministries, because, as set forth below, the Lease Agreement was the result of fraudulent inducement and no purposeful availment of the forum state ever occurred. As set forth below, the alleged contacts set forth in these

4

jurisdictional allegations are inadequate to establish personal jurisdiction under the approach set forth in the triumvirate of new Supreme Court cases: *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011)) *Walden v. Fiore*, 134 S. Ct. 1115; 1118, 188 L. Ed. 2d 12; 2014 U.S. LEXIS 1635 (2014); and *Daimler AG v. Bauman*, 134 S. Ct. 746, 754, 187 L. Ed. 2d 624; 2014 U.S. LEXIS 644 (2014).

## ARGUMENT AND CITATION OF AUTHORITY

**I.** **Plaintiff's Return of Service Shows that Service of Process Was Insufficient, Identifying the Person Served as "Brian Carn's mother," At A Residence That Is Not Identified as Brian Carn's Residence or His "Usual Place of Abode."**

Federal Rule of Civil Procedure 4(e)(1)(2) states the following:

(e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

   (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
   (2) doing any of the following:
      (A) delivering a copy of the summons and of the complaint to the individual personally;
      (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

5

> (C) delivering a copy of each to an agent authorized by
> appointment or by law to receive service of process.

Service upon a corporation is effected as follows:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an
> individual; or
> (B) by delivering a copy of the summons and of the complaint to an
> officer, a managing or general agent, or any other agent authorized
> by appointment or by law to receive service of process and--if the
> agent is one authorized by statute and the statute so requires--by
> also mailing a copy of each to the defendant; or

Fed. R. Civ. P. 4(h).

The Return of Service does not satisfy the requirements of Rule 4(e)(2) or

Rule 4(h) or the requirements of Tennessee law or Florida law under their

counterparts to Rule 4 that the service be effected on an individual at the

individual's "usual place of abode" or upon a corporation "by delivering a copy of

the summons and of the complaint to an officer, a managing or general agent, or

any other agent authorized by appointment or by law to receive service of

process." (*See* Fla. Stat. § 48.031 (2016) and Tennessee Rule of Civil Procedure

4.04).

There is no allegation that the location at which the attempted service

occurred is Defendant Carn's residence or "usual place of abode." Moreover, Mr.

Carn shows that he does not live at his mother's residence and that his residence is

6

elsewhere. (Carn Declaration, ¶¶ 1-3). In the absence of even an allegation that Mr. Carn resides at the location at the Amended Complaint was delivered to his mother at his "usual place of abode," the record fails to demonstrate valid service of process under federal law and either Tennessee or Florida law upon Brian Carn or Brian Carn Ministries.

Further, there is no allegation in the Amended Complaint of Affidavit of Service that Andrea Carns is authorized to accept service on behalf of Brian Carn Ministries or is in any way affiliated with Brian Carn Ministries. In fact, Brian Carn has affirmatively testified that his mother has no association or affiliation with Brian Carn Ministries. *Id.* Accordingly, the attempted service upon both Brian Carn and Brian Carn Ministries via his mother was improper as a matter of law.

## II. <u>Venue is Improper over Defendant Brian Carn Ministries In This District</u>

Plaintiff alleges that venue is proper in the Middle District of Tennessee because "the lease agreement at issue provides that venue is proper in Nashville,

Tennessee and the causes of action arose in Nashville, Tennessee." (Amended Complaint, ¶ 16).

First, there is no jurisdiction under the Lease Agreement, because Defendants contend that the Lease Agreement was procured by fraud. Specifically, pursuant to Paragraph 4(h) of the Lease Agreement, Plaintiff made the following representation:

> In October 2015, the Aircraft is due an A-G inspection. Lessor agrees to pay the flat rate inspection cost and for discrepancies required for the maintenance facility to sign off the A-G inspection in the Aircraft logbooks. The maintenance facility performing the A-G inspection is The Aircraft Maintenance Company, Inc. locate in Bessemer, Alabama. Lessee is obligated to pay Rent while the Aircraft is undergoing the A-G inspection.

(Amended Complaint, Exhibit A, p. 3 (Dkt. 22-1, p. 3)).

At the time that Plaintiff made this representation, it knew that The Aircraft Maintenance Company, Inc. was incapable of performing the A-G inspection and fixing all discrepancies and Plaintiff had no intention of having those discrepancies repaired. Discovery on this jurisdictional issue is necessary. Defendant BCMI shows that discovery as to jurisdiction will enable it to show that Plaintiff's conduct demonstrates that it never intended to have their discrepancies corrected as specified in the Lease Agreement, but rather that Plaintiff knew that The Aircraft Maintenance Company, Inc. was incapable of performing the A-G inspection and

8

fixing the discrepancies. This is further established by Plaintiff's ultimate demand

that Defendant BCMI itself have the discrepancies repaired without any

reimbursement or credit from Plaintiff, in order to place the aircraft in a condition

that it ultimately could be used by BCMI. Accordingly, the agreements in the

Lease Agreement regarding jurisdiction and venue were procured by fraud and

consequently there is no personal jurisdiction or venue over any of the Defendants

pursuant to the Lease Agreement. *See Wyman v. Newhouse*, 93 F.2d 313, 315 (2nd

Cir. 1937)("[a] fraud affecting the jurisdiction is equivalent to a lack of

jurisdiction.").

Further, there is no proper basis for venue in this district under federal law.

Venue in the District Court is determined by 28 U.S.C. § 1391, which states as

follows:

> (b) Venue in general. A civil action may be brought in—
> (1) a judicial district in which any defendant resides, if all
> defendants are residents of the State in which the district is
> located;
> (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial
> part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be
> brought as provided in this section, any judicial district in
> which any defendant is subject to the court's personal
> jurisdiction with respect to such action.

Plaintiff expressly alleges that Defendant Brian Carn Ministries is a resident of the State of Florida, and therefore for the reasons set forth below, venue in this Court is not proper under 28 U.S.C. § 1391 (b)(1)-(3). On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, "the plaintiff bears the burden of establishing that venue is proper." *Northeast Landscape and Masonry Associates, Inc. v. Conn. Dept. of Labor*, 2015 U.S. Dist. LEXIS 165428 (S.D. N.Y. December 10, 2015)[2](*citing Fedele v. Harris*, 18 F. Supp. 3d 309, 316 (E.D.N.Y. 2014) (internal quotation marks omitted); and *Solow Bldg. Co. v. ATC Assocs., Inc*., 175 F. Supp. 2d 465, 469 (E.D.N.Y. 2001) (same)). "A court applies the same standard of review in Rule 12(b)(3) dismissals as Rule 12(b)(2) dismissals for lack of personal jurisdiction." *Id.* (citing *Fedele*, 18 F. Supp. 3d at 316 (*citing Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 355 (2d Cir. 2005)). In analyzing a claim of improper venue, the court must view all facts in the light most favorable to the plaintiff. *Id.* (citing *Phillips v. Audio Active Ltd*., 494 F.3d 378, 384 (2d Cir. 2007)). Thus, a "[c]ourt must accept the facts alleged in the complaint and construe all reasonable inferences in the plaintiff's favor." *Id.* (citing *Matera v. Native Eyewear, Inc.,* 355 F. Supp. 2d 680, 681 (E.D.N.Y. 2005)) (internal quotation marks omitted).

---

[2] A true and accurate copy of this opinion is attached hereto as Exhibit A.

None of the Defendants named in the Amended Complaint or the original Complaint are residents of the State of Tennessee. Each of the Defendants that have now responded to the Amended Complaint – Defendants Danso, Miracle Arena for All Nations, Mays, City Skies, Carastro and Apollo Flight Service – have moved to dismiss the Amended Complaint in this District and this State. If these other parties are dismissed, then the only defendants remaining are Brian Carn and Brian Carn Ministries, both of which are Florida residents. Accordingly, under 28 U.S.C. § 1391(b)(1), venue as to Defendant Brian Carn and Brian Carn Ministries is proper in Florida,[3] where both Defendants are residents and are also subject to personal jurisdiction.

Finally, 28 U.S.C. §§ 1391(b)(2) and (b)(3), do not provide a basis for venue over Defendant Brian Carn Ministries. Venue under Section (b)(2) is improper because the "substantiality" test is not met. "[I]t would be error . . . to treat the venue statute's 'substantial part' test as mirroring the minimum contacts test employed in personal jurisdiction inquiries." *Northeast Landscape and Masonry*

---

[3] Even though Brian Carn Ministries has consented to personal jurisdiction and venue in Tennessee, 28 U.S.C. § 1391(a)(1), is based upon the "residence" of the defendants, and not where they may have agreed to waive or consent to personal jurisdiction or venue. Of course, the September 4, 2015 Lease does refer to exclusive jurisdiction and venue, the parties cannot by contract change the statutory criterion established in the statute, particularly as the statute determines the proper venue over a person or entity that is not a party to the contract.

11

*Associates, Inc. v. Conn. Dept. of Labor*, 2015 U.S. Dist. LEXIS 165428 (S.D.

N.Y. December 10, 2015). Rather, "[o]nly the events that directly give rise to a

claim are relevant." *Fedele, 18 F. Supp. 3d at 317* (internal quotation marks

omitted) (quoting *Jenkins Brick, Co. v. Brenner, 321 F.3d 1366, 1371 (11th Cir.

2003))*. Certainly, "venue can be proper in more than one district; that is, venue is

not restricted to the district with the 'most substantial' connection to the events or

omissions related to a claim." *Id.* However, the "substantial events or omissions"

test limits proper venue in order "to protect the *defendant* against the risk that a

plaintiff will select an unfair or inconvenient place of trial." *Id.* (internal quotation

marks omitted).

Here, the Lease Agreement at issue specifically requires that the subject

aircraft by hangered in Montgomery, Alabama, and that it be inspected, repaired

and maintained by a maintenance facility in Bessemer, Alabama. (Amended

Complaint, Exhibit A, p. 3 (Dkt. 22-1, p. 3)). Accordingly, the Lease Agreement

was to have been performed in the State of Alabama, not the State of Tennessee.

The various torts alleged to have been committed by the Defendants (conversion of

the aircraft and personal property) are all alleged to have occurred outside of the

State of Tennessee. (*See* Amended Complaint, generally, and in particular

Paragraph 14 which premises personal jurisdiction on alleged damages occurring

12

to a Tennessee resident). In short, the Amended Complaint is bereft of any allegations of any substantial conduct occurring within the State of Tennessee. Thus, virtually all, if not in fact all, witnesses to these alleged actions will be found outside the State of Tennessee.

Finally, there is a District over which venue is proper under sub-section (b)(1), and that is the State of Florida, within which both Brian Carn and Brian Carn Ministries reside. Therefore, venue is not available under either 28 U.S.C. § 1391(b)(3), which on its face is applicable only when venue cannot be laid under subsections (b)(1) and (2). *See Barnes Group, Inc. v. Midwest Motor Supply, Inc.,* 2009 U.S. Dist. LEXIS 12311 (S.D. Ohio Feb. 7, 2008) ("[b]ecause [an] action could have been brought in another district, *28 U.S.C. § 1391(a)(3)* does not apply.").[4] Moreover, even if this Court concludes in this case that venue is appropriate as to one or more of the other Defendants, this does not mean that venue is proper as to all Defendants. *See Barnes Group, Inc. v. Midwest Motor Supply, Inc.,* 2009 U.S. Dist. LEXIS 12311 (S.D. Ohio Feb. 7, 2008)(holding that "proper venue for these two identified defendants does not establish proper venue for *all* defendants. In an action involving multiple defendants, venue must be

_____

[4] A true and accurate copy of this case is attached hereto as Exhibit B.

13

proper as to every defendant.")(Emphasis in original).  In this case, venue as to

Brian Carn and Brian Carn Ministries is proper in Florida.

III.  **The Lease Agreement Provides No Basis For the Assertion of Any Claims or the Exercise of Personal Jurisdiction Over Brian Carn Ministries, Because There is No Valid Lease Agreement.**

The Complaint alleges that Brian Carn Ministries was a party to the Lease

Agreement and consented to jurisdiction thereunder.  However, as set forth above,

this Defendant maintains that the Lease Agreement was procured by fraud, because

Plaintiff explicitly promised to pay for the A-G inspection and to correct any

discrepancies with the aircraft, but insisted upon the use of a maintenance facility

which Plaintiff knew was incapable either of performing the inspection or

correcting any discrepancies, and demanded that BCMI incur the expense of

having the repairs completed at a different facility capable of repairing the

discrepancies.  At the time that Plaintiff made this representation, it knew that The

Aircraft Maintenance Company, Inc. was incapable of performing the A-G

inspection and fixing all discrepancies and Plaintiff had no intention of having

those discrepancies repaired. Discovery on this jurisdictional issue is necessary.

Defendant BCMI shows that discovery as to jurisdiction will enable it to show that

Plaintiff's conduct demonstrates that it never intended to have their discrepancies

corrected as specified in the Lease Agreement, but rather that Plaintiff knew that

14

The Aircraft Maintenance Company, Inc. was incapable of performing the A-G inspection and fixing the discrepancies. This is further established by Plaintiff's ultimate demand that Defendant BCMI itself have the discrepancies repaired without any reimbursement or credit from Plaintiff, in order to place the aircraft in a condition that it ultimately could be used by BCMI. Accordingly, the agreements in the Lease Agreement regarding jurisdiction and venue were procured by fraud and consequently there is no personal jurisdiction or venue over any of the Defendants pursuant to the Lease Agreement. *See Wyman v. Newhouse*, 93 F.2d 313, 315 (2nd Cir. 1937)("[a] fraud affecting the jurisdiction is equivalent to a lack of jurisdiction.").Under these circumstances, there is no valid consent to jurisdiction under the Lease Agreement. *See Wyman, supra*.

## IV.    The Alleged "Contacts" Between Brian Carn Ministries And The State of Tennessee Are Insufficient As A Matter of Law To Support The Exercise of Personal Jurisdiction.

The other alleged contacts are also insufficient as a matter of law to establish personal jurisdiction, because they were too attenuated and/or not related to the causes of action alleged, and as such they do not satisfy the due process requirement of minimum contacts. In diversity cases, federal courts apply the law of the forum state, subject to constitutional limitations, to determine whether personal jurisdiction exists. *Reynolds v. Int'l Amateur Athletic Fed'n*, 23 F.3d

15

1110, 1115 (6th Cir. 1994). Thus, a court must look not only to the forum state's long-arm statute, but also to the due process requirements of the Constitution. Tennessee's long-arm statute, Tenn. Code Ann. § 20-2-214, expands the jurisdiction of Tennessee courts to the full limit permitted by due process. *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 645 (Tenn. 2009). When a state's long-arm statute reaches as far as the limits of the Due Process Clause, the two inquiries merge, and the Court need only determine whether the exercise of personal jurisdiction violates constitutional due process.

Depending on the type of minimum contacts in a case, personal jurisdiction can take one of two forms: (1) general personal jurisdiction, where the suit does not arise from defendant's contacts with the forum state; and (2) specific jurisdiction, where the suit does arise from the defendant's contacts with the forum state." *Daimler AG v. Bauman,* 134 S. Ct. 746, 754, 187 L. Ed. 2d 624; 2014 U.S. LEXIS 644 (2014); *Conn v. Zakharov*, 667 F.3d 705, 712-13 (6th Cir. 2012). Plaintiff's Complaint does not specifically identify the jurisdictional basis on which it relies. However, Plaintiff cannot establish either basis of jurisdiction over this Defendant.

General jurisdiction exists when the nonresident's "affiliations with the State are so 'continuous and systematic' as to render [the nonresident] ***essentially at***

16

***home in the forum State***." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564
U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) (emphasis
supplied).  The threshold for satisfying the requirements for general jurisdiction is
substantially higher than the requirements for establishing specific jurisdiction. An
assertion of general jurisdiction must be predicated on substantial forum-related
activity on the part of the defendant. In order to warrant the exercise of general
jurisdiction over Brian Carn Ministries, their affiliations with the State must be "so
'continuous and systematic' as to render [Brian Carn Ministries] ***essentially at***
***home in the forum State***." *Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564
U.S. 915, 919, 131 S. Ct. 2846, 2851, 180 L. Ed. 2d 796 (2011) (emphasis
supplied).  Activities less extensive than that will not qualify for general in
personal jurisdiction.  *JRM Investments, Inc. v. National Standard*, LLC, 2012
Tenn. App. LEXIS 356, * 8 (Tenn. Ct. App. May 31, 2012).[5]

    The Sixth Circuit recently held a district court did not have general
jurisdiction over an out-of-state defendant who owned property and made yearly
trips to the forum state.  *Conn v. Zakharov*, 667 F.3d 705, 717-20 (6th Cir. Jan. 12,
2012). In reaching that conclusion, the Sixth Circuit, looking to treatises and other
courts, noted for a defendant's contacts to be continuous and systematic those

---

[5] A true and accurate copy of this case is attached hereto as Exhibit C.

contacts must "approximate physical presence within a state's borders," *id.* at 718 (*citing*, *Bancroft & Masters, Inc. v. Augusta Nat'l, Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000) (overruled on other grounds), and must be "very substantial, indeed . . . quite rigorous" *id.* (quoting Charles Allen Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1067.5, at 520 (3d ed. 2002)).

Here, the Complaint does not contain any allegations regarding any kind of continuous and systematic contacts by this Defendant with Tennessee necessary to establish general jurisdiction. In fact, nothing in the Amended Complaint suggests Brian Carn Ministries maintains any sort of contacts with Tennessee at all. In fact, Brian Carn Ministries has never entered the State of Tennessee with regard to any of the activities related to Plaintiff's claims, and at most travels to Tennessee once or twice per year. Accordingly, there is no basis upon which to exercise general personal jurisdiction over Brian Carn Ministries.

Likewise, there is no basis to exercise specific jurisdiction over Brian Carn Ministries in this matter. Specific jurisdiction is confined to the adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction. *Goodyear*, 564 U.S. at 919, 131 S.Ct. at 2851. That is, specific jurisdiction exposes the defendant to suit in the forum state only on claims that arise out of or relate to a defendant's contacts with the forum. *Kerry Steel, Inc. v.*

18

*Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997) (*citing*, *Helicopteros Nacionales de Colombia S.A., v. Hall*, 466 U.S. 408, 414-415, 104 S. Ct. 1868, 80 L. Ed. 2d 404 & nn. 8-10 (1984)). The Sixth Circuit has developed a three-pronged test to determine whether specific jurisdiction exists over a particular defendant:

> (1) the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state; (2) the cause of action must arise from the defendant's activities there; and (3) the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*S. Mach. Co. v. Mohasco Indus., Inc*., 401 F.2d 374, 381 (6th Cir. 1968).

Plaintiff fails on all three prongs to establish personal jurisdiction over Brian Carn. As for the Lease Agreement, as set forth herein, it is invalid as a matter of law because it was procured by fraud.

The remaining allegations of causing damages to BALI, a Tennessee resident, are also not substantial enough to satisfy the minimum contacts required for the exercise specific jurisdiction nor the type of meaningful contacts by the defendant with the forum to support long arm jurisdiction. The current controlling Supreme Court authority clearly limits the imposition of long arm jurisdiction merely because the defendant caused damages "to be felt most particularly in

19

Tennessee, where BALI was and is located," as alleged by Plaintiff. The due-process step of the specific-jurisdiction inquiry centers on "the relationship among **_the defendant, the forum, and the litigation_**." *Walden v. Fiore*, 134 S. Ct. 1115; 1118, 188 L. Ed. 2d 12; 2014 U.S. LEXIS 1635 (2014) (emphasis added). Because the constitutional limits on personal jurisdiction principally protect the liberty of the nonresident defendant—not the convenience of plaintiffs or third parties—the connection to Tennessee "must arise out of contacts that the 'defendant *himself* creates.'" *Walden*, 134 S. Ct. at 1122 (quoting *Burger King*, 471 U.S. at 475) (emphasis added)). So before Tennessee courts can exercise personal jurisdiction, a **_nonresident's suit-related conduct_** must create a **_substantial connection with the state_**. For this reason, this analysis focuses on a defendant's contacts with Tennessee itself, **_not the defendant's contacts with persons who reside there_**. In the absence of these threshold "suit related" contacts, the mere causation of a consequence in the forum state is not sufficient to support long arm jurisdiction, and harm to BALI in and of itself cannot form the basis for the exercise of specific jurisdiction. *Id.*

The "purposeful availment requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of random, fortuitous, or attenuated contacts or of the unilateral activity of another party or a third person." *Fastpath,*

760 F.3d at 820 (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183, 85 L. Ed. 2d 528 (1985)) (Internal citations omitted). "For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State." *Id*. (quoting *Walden v. Fiore*, 134 S. Ct 1115, 1121, 188 L. Ed. 2d 12 (2014)) (Internal citations omitted). Again, this means that "the relationship must arise out of contacts that the defendant *himself* creates with the forum State." *Id*. at (quoting *Burger King*, 471 U.S. at 475, 105 S. Ct. at 2183-84) (Internal citations omitted). "***Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant himself that create a*** <u>***substantial connection***</u> ***with the forum state***." *Id.* (quoting *Burger King*, 471 U.S. at 475, 105 S. Ct. at 2183-84) (Internal citations omitted; emphasis added).

The allegations in Plaintiff's Complaint and indeed the evidence of record are wholly insufficient to show that Brian Carn Ministries' alleged acts had a substantial enough connection with the Tennessee. *See Fastpath, supra* (holding that Defendants' contacts with the forum state, Iowa, which allegedly included ""aggressively pursuing" a business relationship with an Iowa company, sending emails to Iowa, two telephone calls to Iowa, a public webinar viewed by Fastpath in Iowa, obtaining access to information about software products Fastpath had

21

developed in Iowa, and "executing an agreement which imposed continuing obligations on Fastpath in Iowa" with an Iowa choice of law provision were not substantial enough to satisfy the requirements of due process under *Walden*). *See also Snider v. Steidley & Neal, PLLC*, No. 1:12-CV-423, 2013 U.S. Dist. LEXIS 76640, * 19-20 (E.D. Tenn. May 31, 2013)(holding that telephone calls, mailings and facsimiles are insufficient to support specific jurisdiction where the causes of action do not arise from these contacts themselves);[6] *see also Porter v. Berall*, 293 F.3d 1073, 1077 (8th Cir. 2002) (finding that actions of attorney-defendants - who provided advice to Missouri resident on Connecticut law from their offices in Connecticut - did not show that they could have foreseen being haled into court in Missouri based on their actions in Connecticut).

## CONCLUSION

For the foregoing reasons, Defendant Brian Carn Ministries respectfully requests that this Court dismiss this Defendant from this action due to insufficient service of process, improper venue and lack of personal jurisdiction.

---

[6] A true accurate copy of this case is attached hereto as Exhibit D.

22

Respectfully submitted, this 20th day of September, 2016.

/s/*Raanon Gal*

Raanon Gal
Tennessee Bar No. 023634
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
(770) 434-7214 (tel)
(770) 434-7376 (fax)
rgal@taylorenglish.com

Donald R. Andersen
Georgia Bar No. 016125
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
(770) 434-7214 (tel)
(770) 434-7376 (fax)
dandersen@taylorenglish.com

*Attorneys for Defendant Brian Carn Ministries*

23

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 20, 2016, a copy of the foregoing was

served upon Plaintiff and counsel for other parties by filing a copy pursuant to this

Court's ECF filing system as follows:

> **Brian H. Meldrum, Esq.**
> Stites & Harbison, PLLC (Louisville Office)
> 1800 Capital Holding Center
> 400 W. Market Street
> Louisville, KY 40202-3352
>
> **Lauren Paxton Roberts, Esq.**
> Stites & Harbison, PLLC (Nashville Office)
> 401 Commerce Street, Suite 800
> Nashville, TN 37219
>
> **Madison L Mitchell, Esq.**
> Burr & Forman
> 511 Union Street, Suite 2300
> Nashville, TN 37219

This 20th day of September, 2016.

/s/*Raanon Gal*
Raanon Gal
Tennessee Bar No. 023634
**TAYLOR ENGLISH DUMA LLP**
1600 Parkwood Circle, Suite 400
Atlanta, GA 30339
(770) 434-7214 (tel)
(770) 434-7376 (fax)
rgal@taylorenglish.com
Attorney for Defendant Brian Carn
Ministries, Inc.
